UNITED STATES DISTRICT COURT

MIDDLE DISTRICT COURT

STATE OF LOUISIANA

**ALFRED DEAL**                                     **NUMBER:**


**VERSUS**                                          **Judge**

                                                    **Mag**

**DEPARTMENT OF CORRECTIONS,
WARDEN DAVID VOORHIES,
MAJOR BRENGETTSY, MASTER
SERGEANT BOBBY EARL, MASTER
SERGEANT BRIAN NETTLES,
COLONEL ORVILLE LAMARTINIERE,
AND LIEUTENANT MELVIN MCDOWELL**


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***


## COMPLAINT – JURY TRIAL REQUESTED

**COMES NOW**, Complainant, **ALFRED DEAL**, and for his complaint states as follows:

### PRELIMINARY STATEMENT

1.    This is a civil action for compensatory and punitive damages and for declaratory and injunctive relief.  Complainant contends that while in custody of the Department of Corrections (**"DOC"**), defendants, in both their individual and official capacities, each demonstrated a deliberate indifference to Complainant's safety and security. The defendants' deliberate actions and/or omissions resulted in Complainant being subjected to cruel and unusual punishment in violation of the protections guaranteed by the Eighth

and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983 and 1988 and the, eighth, and fourteenth amendments to the Constitution of the United States.

3.   The jurisdiction of this Court is predicated on 28 U.S.C. §1943(3) and (4) and 1331 and 1367.

4.   Complainant further invokes the pendent jurisdiction of this Court to hear and decide all claims arising under the laws of the State of Louisiana.

5.   Complainant's claims for declaratory relief are authorized by 28 U.S.C. Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6.   Complainant's claims for injunctive relief are authorized by 28 U.S.C. Sections 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

7.   This cause of action arose in the Middle District of Louisiana.  Therefore, venue is proper under 28 U.S.C. Section 1391(b).

## PARTIES

8.   Complainant, **ALFRED DEAL,** is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the State of Louisiana. At all times relevant to the allegations of this complaint Mr. Deal is presently housed at the DOC.

9.   Defendants, **THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,** is a political subdivision of the State of Louisiana, which has the authority to sue and be sued.  The State of Louisiana through the Department of Public Safety and Corrections has custody, guard and control of Louisiana State Penitentiary, the correctional center in which Mr. Deal, was housed

during the period of his incarceration.

10.     Defendant, **DAVID VOORHIES (WARDEN**), is sued in his/her individual capacity and also in his official capacity as the Warden of the DOC. Defendant **Warden** is upon information and belief, at all relevant times mentioned herein, an adult citizen of the United States and a resident of the state of Louisiana.  On information and belief, **Warden**, was endowed with responsibility regarding the provision of security to persons in the custody of the DOC and was charged with responsibility to ensure that all prisoners under his/her jurisdiction were protected. Defendant **Warden** is responsible for the policies, practices, and customs of the DOC, as well as the hiring, training, control, supervision, and discipline of its correction officers and other personnel.

11.     Defendant, **MAJOR STEVE BRENGETTSY**, is sued in his/her individual capacity and also in his official capacity as the Major of the DOC. Defendant **BRENGETTSY** is upon information and belief, at all relevant times mentioned herein, an adult citizen of the United States and a resident of the state of Louisiana.  On information and belief, **BRENGETTSY**, was endowed with responsibility regarding the provision of security to persons in the custody of the DOC and was charged with responsibility to ensure that all prisoners under his/her jurisdiction were protected. Defendant **BRENGETTSY** is responsible for the policies, practices, and customs of the DOC, as well as the medical attention to inmates, training, control, supervision, and discipline of its correction officers and other personnel.

12.     Defendant, **MASTER SERGEANT BOBBY EARL,** is an unidentified deputy of the DOC, sued in both his individual and official capacities.

13.     Defendant, **MASTER SERGEANT BRIAN NETTLES**, is an unidentified deputy of the

DOC, sued in both his individual and official capacities.

14. Defendant, **COLONEL ORVILLE LAMARTINIERE**, is an unidentified deputy of the DOC, sued in both his individual and official capacities.

15. Defendant, **LIEUTENANT MELVIN MCDOWELL,** is an unidentified deputy of the DOC, sued in both his individual and official capacities.

16. At all times relevant herein, and in all of the actions described herein, defendants were acting under the color of state law and in their official capacities.

## FACTUAL ALLEGATIONS

15. On or about December 12, 2012, Complainant was excessively and violently stabbed all over his body, including his face, head, and hand by inmate Myles Allen, #85567, after he was released into the Transitional Unit yard without his person first being searched by Master Sergeant Bobby Earl, escaped his restraints with a homemade handcuff key, and attacked the Complainant with a long file knife attached to a piece of silver metal as well as hitting his head repeatedly on the concrete.

16. Immediately following the attack by inmate Allen, Complainant and Allen were separated by Sergeant Terry LeBlanc, but due to having enough security present to restrain him, inmate Allen again began attacking the Complainant until Colonel Orville Lamartiniere, Master Sergeant Brian Nettles, and Lieutenant Melvin McDowell arrived.

17. Warden Voorhies and the other named defendants falsified the incident report, stating the Complainant was stabbed with a razorblade sewed to a piece of cardboard when in actuality, he was stabbed with the file knife mentioned above.  This fact was withheld because the only way an inmate could obtain such a file is through the assistance of a guard.

18. Warden Voorhies and the other named defendants further falsified the incident report by claiming Sergeant Terry LeBlanc noted Complainant had come out of his restraints. At the time of the incident, complainant was restrained by waist chains with handcuffs attached as well as ankle chains.

19. The cause of the injuries to Complainant was the abuse of the Defendant, DOC, and its officers.

20. It was the duty of the DOC officers to fully assess situations involving inmates before acting and take all proper precautions to ensure no bodily harm befalls them. DOC's failure to act reasonably and responsibly within the realm of approved protocol caused extensive personal injuries, pain and suffering.

21. Complainant suffered injuries to his face, head and hands due to the violent altercation in which he found himself subject.

22. Subsequent to the delayed, appropriate intervention, Complainant was attacked twice and has continued to suffer with severe pain and discomfort. Complainant is presently awaiting further medical testing and treatment as his ongoing complaints.

23. As a result of the misconduct hereinbefore described, Complainant experienced humiliation, emotional distress, pain and suffering, incurred expenses and was otherwise damaged. He was also physically injured and may have permanent damage as a result of the conduct alleged in the aforementioned paragraphs.

24. On information and belief, the incident to which Complainant was subjected was consistent with an institutionalized practice of the DOC, which was known to and ratified by Major Brengettsy, Master Sergeant Bobby Earl, and Master Sergeant Brian Nettles as well as other witnesses.

25. Warden Voorhies and the defendants having at no time taken any effective action to prevent persons in their custody and police personnel from continuing to engage in such misconduct.

26. On information and belief, defendants Major Brengettsy, Master Sergeant Bobby Earl, and Master Sergeant Brian Nettles and the DOC authorized, tolerated as institutionalized practices, and ratified the misconduct hereinbefore detailed by:

   a. It was the policy and/or custom of defendants to inadequately and improperly search all inmates before releasing them into communal areas;

   b. It was the policy and/or custom of defendants to inadequately supervise and train its officers, including the defendant officers and other employees, thereby failing to adequately discourage further constitutional violations on the part of its officers.  Defendants did not require appropriate in-service training or re-training of officers who were known to have engaged in deliberate indifference to the protection of inmates in its custody;

   c. Failing to properly discipline, train and control employees including defendants, known to be irresponsible in the dealings with the needs and supervision of inmates;

   d. Failing to establish and/or assure the functioning of a bona fide and meaningful department system for dealing with complaints of police misconduct, but instead responding to such complaints with bureaucratic power and official denials calculated to mislead the public;

   e. Failing to properly discipline, restrict, and control employees, including defendant, known to be irresponsible in their dealings with protection of inmates;

6

f.    Failing to take adequate precautions in the hiring, promotion, and retention of deputy personnel, including the defendants herein.

27.    As a consequence of the incident of authority detailed above, complainant sustained the damages hereinbefore alleged.

28.    Complainant has filed and completed the ARP procedure.  The last step response was received on 2/3/2015.  See attached exhibit.

## CAUSES OF ACTION

28.    The allegations set forth in paragraphs 1 through 27 are incorporated herein by reference.

29.    The totality of the circumstances of the above conditions and restrictions on Complainant's confinement constituted genuine deprivation and hardship over an extended period of time for the complainant herein.  Said restrictions and conditions were not reasonably related to a legitimate goal and were arbitrary and purposeless.

30.    The actions of each of the defendants constitute punishment of complainant thereby denying the complainant due process of law in violation of the Fourteenth Amendment to the United States Constitution.

31.    As a direct and proximate result of the acts and omissions of defendants herein, which subjected or caused complainant to be subjected to unconstitutional punishment, the complainant has suffered irreparable loss, physical injury, mental anguish, and emotional distress.

## SECOND CAUSE OF ACTION

32.    The allegations set forth in paragraphs 1 through 31 are incorporated herein by reference.

33. The hereinabove described actions and omissions, engaged in under color of state authority by the defendants Major Brengettsy, Master Sergeant Bobby Earl, Master Sergeant Brian Nettles and the DOC, sued as a person, responsible because of its authorization, condonation, and ratification thereof for the acts of its agents, deprived the complainant of rights secured to him by the Constitution of the United States, including, but not limited to, intentional infliction of emotional distress, failure to protect, and negligent supervision, in addition to his fifth and fourteenth amendment rights to due process of law and his eighth amendment right to be free from cruel and unusual punishment.

34. The acts, omissions, conduct and behavior of the DOC, through Warden Voorhies, Major Brengettsy, Master Sergeant Bobby Earl, and Master Sergeant Brian Nettles constitutes a violation of the constitutional and statutory duties imposed upon them under the law of the State of Louisiana and under the Louisiana Constitution 1974.

35. As a result of the foregoing, **ALFRED DEAL** was violated of his Constitutional rights, neglected physically, mentally and medically by being placed into a hazardous and threatening condition and subsequently suffered injuries.

36. As a result, **ALFRED DEAL,** has suffered irreparable loss, grievous humiliation, embarrassment and insult to his dignity along with other damages at the hands of defendants.

## SUPPLEMENTARY CAUSES OF ACTION

37. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

38. In the alternative, **ALFRED DEAL,** asserts and alleges that defendants are liable unto him under the laws and jurisprudence of the State of Louisiana.

39. The above described incident was a direct consequence of the defendant's negligence, the negligence of its employees, its failure to maintain the premises in a condition of safety for the plaintiff, and/or warn of an unsafe condition.

42. That the above described incident was a direct consequence of the negligence of the defendants and its employees by reason of the following non-exclusive particulars:

   a) Failure to adequately inspect inmates in a reasonably safe fashion prior to releasing them into communal areas;

   b) Failure to timely remedy the altercation with adequate security which caused the unreasonably dangerous incident to escalate;

   c) Failure to hire competent employees;

   d) Failure to adequately train employees;

   e) Any and all other acts of negligence and/or omissions to be shown with particularity at the trial of this matter.

43. This Court has pendent jurisdiction to hear and adjudicate the above described state claims as they arise out of a common nucleus of operative facts.

**PRAYER**

WHEREFORE, Complainant, **ALFRED DEAL,** demands the following relief jointly and severally, against all defendants:

   1) Compensatory damages in an amount reasonable in the premises;

   2) Punitive damages in an amount to conform with the latest dictates of the United States Supreme Court;

   3) Attorney's fees and costs, pursuant to 42 U.S.C. 1988;

   4) Interest from date of judicial demand until paid;

5)    For an order enjoining defendants from engaging in any of the unlawful acts, omissions, or practices complained of herein;

6)    For an order declaring that the defendants have acted in violation of the United States Constitution;

7)    Other such general and equitable relief as appears reasonable in the premises.

**IN ADDITION, ALFRED DEAL,** respectfully requests a trial by jury on all issues raised.

**Respectfully Submitted,**

__/S/Keith Couture_____
**KEITH COUTURE, #22759**
**COUTURE LAW, LLC**
**337 Highway 21, Suite D**
**Madisonville, Louisiana**
**(985) 792-7746**
**(985) 400-2232  Fax**

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: LSP-2013-0669

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO: <u>DEAL, ALFRED    96506</u>                              <u>LSP</u>
     Offender Name and Number                              Living Unit

Response to Request Dated 11/06/2014, Received in this Office on 11/19/2014:

Your request for an Administrative review of ARP# LSP-2013-0699 has been received.  A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.

All pertinent documentation surrounding your request, including the unusual occurrence report, statements provided by the security staff and your medical records have been reviewed.  It is with regret that you were involved in an altercation with another offender.  Security staff immediately responded.  When you and offender Allen were initially pulled apart by security, you and offender Allen started to fight again.  You were both then placed on the ground until additional security staff arrived.  You were promptly brought to medical for treatment and released.  Major Brengettsy and Lt. McDowell both state that they had made several rounds prior to the incident and at no time did you notify them of any confrontation you had with offender Allen or any threats you had received from him.  LSP staff does not deny the incident, only concede that it should not happen again.  Information was received from LSP staff that corrective action was taken to ensure this type of incident does not occur in the future.  As such, this office concurs with staff and finds no further investigation warranted.

Your request for relief is denied.

_____
01/26/15
              Date

_____
    Secretary's Signature or His Designee

*Received: 2/3/2015 Final Response.*