UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALFRED DEAL

                                                        CIVIL ACTION

VERSUS

                                                        NO. 16-61-JJB-RLB

DEPARTMENT OF
CORRECTIONS, ET AL.

## RULING

      This matter is before the Court on three motions. The first is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 13) brought by the defendants, the Louisiana Department of Corrections ("DOC"), Bobby Earl, Orville Lamartiniere, Melvin McDowell, Brian Nettles, and David Voorhies (collectively, "the individual defendants"). As to this motion the plaintiff, Alfred Deal ("Deal"), filed an opposition (Doc. 21). The second is a Motion to Dismiss for Failure to State a Claim (Doc. 15) brought by the defendants. The plaintiff did not file an opposition, nor did he file a request to amend the complaint to cure any deficiencies. The third is a Motion for Partial Summary Judgment (Doc. 18) brought by the individual defendants, to which the plaintiff filed an opposition (Doc. 22). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 13) is **GRANTED**, the defendants' Motion to Dismiss for Failure to State a Claim (Doc. 15) is **GRANTED in part and DENIED in part**, and the defendants' Motion for Partial Summary Judgment (Doc. 18) is **DENIED**.

## I.    BACKGROUND

      The following factual allegations are taken from the Complaint (Doc. 1) and are treated as true for purposes of these motions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff, Deal, is an inmate and at all times relevant to this case, was confined at Louisiana State Penitentiary in

Angola, Louisiana. *See Compl.* 2, Doc. 1. The individual defendants were all employees of the DOC, and were responsible for security at the penitentiary. *See id.* at 2–4.

On December 12, 2012, Deal was violently stabbed all over his body, including his face, head, and hand, by inmate Myles Allen ("Allen"). *Id.* at 4. Allen was released into the Transitional Unit yard, escaped his restraints with a homemade handcuff key, and attacked Deal with a long-file knife attached to a piece of silver metal. *Id.* Allen also repeatedly hit Deal's head on the concrete. *Id.* Immediately following the attack, Deal and Allen were separated by Sergeant Terry LeBlanc ("LeBlanc"). *Id.* However, due to not having enough security present to restrain him, Allen again began attacking Deal. *Id.* The attack continued until Colonel Orville Lamartiniere ("Lamartiniere"), Master Sergeant Brian Nettles ("Nettles"), and Lieutenant Melvin McDowell ("McDowell") arrived. *Id.* Master Sergeant Bobby Earl ("Earl") did not search Allen before releasing him into the Transitional Unit Yard. *Id.*

Following the incident, Warden David Voorhies ("Voorhies") falsified an incident report by stating that Deal was stabbed "with a razorblade sewed to a piece of cardboard when in actuality, he was stabbed with the file knife mentioned above." *Id.* "This fact was withheld because the only way an inmate could obtain such a file is through the assistance of a guard." *Id.* Voorhies further falsified the incident report by claiming that LeBlanc noted Deal had come out of his restraints, when in reality Deal "was restrained by waist chains with handcuffs attached as well as ankle chains" throughout the incident. *Id.* at 5. Deal suffered injuries to his face, head, and hands. *Id.*

## II.   MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. 13)

In the Complaint (Doc. 1), the plaintiff asserts claims under 42 U.S.C. § 1983 against the DOC and against the individual defendants in their official capacities for monetary damages. The defendants argue that they are entitled to Eleventh Amendment Sovereign Immunity. In the

plaintiff's opposition, Deal "does not object to the defendants' Motion." *See Pl.'s Answer to Defs.' Mot. to Dismiss* 1, Doc. 21. For the reasons stated in the defendants' brief, the DOC is entitled to Eleventh Amendment Sovereign Immunity, and the individual defendants cannot be sued for monetary damages in their official capacities under § 1983. *See Defs.' Supp. Mem.* 2–3, Doc. 13-1. Therefore, the defendants' Motion to Dismiss (Doc. 13) is **GRANTED** to the extent claims are asserted against the DOC and the individual defendants for monetary damages in their official capacities.

### III.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. 15)

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court, "[i]n reviewing a Rule 12(b)(6) motion . . . must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.*, Civil Action No. 11–722–FJP–SCR, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). Still, the plaintiff must assert facts sufficient to demonstrate that he may plausibly be entitled to relief. *Ashcroft*, 556 U.S. at 678. Significantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The claims in this suit arise under § 1983, which allows a plaintiff to sue for violations of his or her constitutional rights. Here, the plaintiff filed suit against the individual defendants alleging the following claims under § 1983: deliberate indifference, cruel and unusual punishment, violation of due process rights under the Fifth and Fourteenth Amendments, failure to adequately train subordinates, and falsification of an incident report. *See Compl.* 7–8, Doc. 1. The plaintiff

also asserts state law claims of negligence, intentional infliction of emotional distress, negligent supervision, failure to maintain premises, and respondeat superior. *See id.* at 8–9.

### A.    Section 1983 Claims Against Voorhies

The plaintiff alleges that Voorhies was the warden responsible for "the policies, practices, customs of the DOC, as well as the hiring, training, control, supervision, and discipline of its correction officers and other personnel." *Id.* at 3. The plaintiff also alleges that Voorhies falsified an incident report. *Id.* at 4. The plaintiff makes no other specific factual allegations against Voorhies in the complaint.

Under § 1983, only the direct acts or omissions of government officials—not the acts of subordinates—will give rise to individual liability. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). Supervisory officers, like the defendant Voorhies, cannot be held liable under § 1983 for the actions of subordinates on any theory of vicarious liability. *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978)). However, a supervisory officer may be liable under § 1983 if that official demonstrates a deliberate indifference to a plaintiff's constitutionally protected rights. *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994). The Fifth Circuit has established a three-part test for determining when a supervisory officer can be held liable for the conduct of a subordinate under the standard of deliberate indifference. *Id.* The plaintiff must establish: (1) the official knew of facts or a pattern of inappropriate behavior by a subordinate pointing plainly toward the conclusion that the subordinate was violating the plaintiff's constitutional rights; (2) the official demonstrated deliberate indifference toward the constitutional rights of the plaintiff by failing to take action that was obviously necessary to prevent or stop the constitutional violation; and (3) the official's failure caused a constitutional injury to the plaintiff. *Id.*

In the instant case, the plaintiff has failed to adequately allege a claim for supervisory liability against Voorhies. According to the allegations asserted in the complaint, the plaintiff was involved in an incident with inmate Allen on December 12, 2012. Other than falsifying an incident report, which is discussed further below, the complaint does not allege that he had any direct personal involvement in the incident. Additionally, the complaint does not allege that Voorhies had actual knowledge plaintiff faced of significant risk of harm or that he had a history of allegedly being deliberately indifferent to offenders. Instead, the plaintiff only makes conclusory allegations regarding the alleged policies, practices, and customs of the DOC, as well as the hiring, training, control, supervision, and discipline of correction officers and other personnel at the prison. These legal conclusions are insufficient to state a claim upon which relief may be granted. *Ashcroft*, 556 U.S. at 678.

As to the plaintiff's claim of direct liability against Voorhis for falsifying an incident report in the complaint, Voorhies asserts that he is entitled to qualified immunity. Qualified immunity protects government officials from suit under § 1983 when they are performing "discretionary duties" if their actions are reasonable regarding the rights that the official allegedly violated. *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010). The Fifth Circuit uses a two-part test to evaluate qualified immunity defenses: (1) whether the defendant's alleged action is a violation of the plaintiff's constitutional rights, and (2) "whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir. 2007).

In the instant case, Voorhies argues that the plaintiff's claim fails the first prong because he has failed to allege facts in the complaint that would support a finding that he participated in any violation of the plaintiff's constitutional rights. *See Defs.' Supp. Mem.* 7–9, Doc. 15-1.

Voorhies correctly points out that falsification of an incident report, without more, does not rise to the level of a constitutional claim. *See Collins v. King*, 743 F.2d 248 (5th Cir.1984) (holding that an inmate plaintiff who has been wrongly reported or punished for conduct which he did not commit or of which he is innocent does not, without more, amount to a denial of due process). Thus, without more, the factual allegation that Voorhies participated in falsifying an incident report does not give rise to a constitutional violation and, therefore, the plaintiff has failed to state facts showing that Voorhies has violated the plaintiff's constitutional rights. Consequently, Voorhies is entitled to qualified immunity as to the falsification of the incident report.

As a result, there is no basis for imposing liability against Voorhies under § 1983, as the allegations asserted by the plaintiff in the complaint fail to adequately allege supervisory liability, and also fail to sufficiently reflect any direct and personal participation by him in the constitutional violations alleged. Accordingly, the defendants' Motion is **GRANTED** as it pertains to the § 1983 claims asserted against Voorhies.

### B.      Section 1983 Claims Against Nettles

As with the defendant Voorhies, the plaintiff also does not allege Nettles was personally involved in what allegedly occurred on the yard on December 12, 2012. *Compl.* 4, Doc. 1. Instead, in the complaint, the plaintiff acknowledges that Nettles arrived on the Transitional Unit yard *after* the altercation with inmate Allen. *Id.* Under these facts, the plaintiff asserts claims of deliberate indifference, cruel and unusual punishment, and violations of his Fifth and Fourteenth Amendment due process rights against Nettles. *Id.* at 6.

A prisoner claiming that conditions of confinement constitute cruel and unusual punishment is required to show deliberate indifference on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). Here, the plaintiff has not plead sufficient facts to support a

6

deliberate indifference claim. The plaintiff has not alleged facts that demonstrate Nettles had actual knowledge that the plaintiff faced a substantial risk of serious bodily harm on the aforementioned date and failed to take measures to abate it. The plaintiff also has not alleged facts to support a finding that Nettles subjected him to cruel and unusual punishment. Moreover, the plaintiff's claims that Nettles violated plaintiff's due process rights, failed to adequately supervise and train officers, violated policies, etc., are all legal conclusions, which are insufficient to state a claim upon which relief may be granted. *Ashcroft*, 556 U.S. at 678. Accordingly, the defendants' Motion to Dismiss (Doc. 15) is **GRANTED** as it pertains to the § 1983 claims asserted against Nettles.

### C.      Section 1983 Claims Against Lamartiniere and McDowell

Like Voorhies and Nettles, the plaintiff acknowledges in the complaint that Lamartiniere and McDowell arrived on the Transitional Unit yard *after* the altercation with inmate Allen. Otherwise, the plaintiff makes no specific factual allegations or claims against Lamartiniere and McDowell. These facts, taken as true, do not amount to a constitutional violation because there is no direct involvement nor deliberate indifference, and therefore these defendants are entitled to qualified immunity. Accordingly, the defendants' Motion to Dismiss (Doc. 15) is **GRANTED** as it pertains to the § 1983 claims asserted against Lamartiniere and McDowell.

### D.      Section 1983 Claims Against Earl

The plaintiff alleges Earl failed to protect and/or insure his safety when inmate Allen was not searched before he was released onto the Transitional United yard on December 12, 2012. The plaintiff also alleges Earl violated policies, was inadequately trained and/or supervised, subjected the plaintiff to cruel and unusual punishment, and that Earl violated the plaintiff's Fifth and Fourteenth Amendment due process rights. In the complaint, the plaintiff alleges that Earl failed to search Allen prior to releasing him into the Transitional Unit yard, and that Allen could not have

obtained the weapon without the assistance of a guard. *See Compl.* 4, Doc. 1. The Court finds that taking the facts as alleged in the complaint as true, the plaintiff has adequately alleged a constitutional deprivation that would violate clearly established law. Therefore, the Court finds that Earl is not entitled to qualified immunity, and the defendants' Motion to Dismiss is **DENIED** as it pertains to Earl.

### E.      State Law Claims and Supplemental Jurisdiction

Finally, the individual defendants argue that the plaintiff's state law claims of negligence, intentional infliction of emotional distress, negligent supervision, and respondeat superior should be dismissed: Because "[all] the federal claims against the defendants fail to state a claim upon which relief can be granted, the state law claims should be dismissed." *Defs.' Supp. Mem.* 12, Doc. 15-1. However, the Court has found that the plaintiff has adequately alleged federal claims against the defendant Earl, which gives the Court subject matter jurisdiction under 28 U.S.C. § 1331. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the state law claims arising out of the same "case or controversy." The state law claims the plaintiff has asserted arise out of the same case or controversy as the federal claims, and therefore the Court retains supplemental jurisdiction over the state law claims. Accordingly, the defendants' Motion to Dismiss (Doc. 15) is **DENIED** to the extent it seeks dismissal of the state law claims against all individual defendants.

### IV.    MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 18)

The individual defendants[1] move for partial summary judgment on the claims brought against them under § 1983, due to the failure of the plaintiff to exhaust administrative remedies on the claims of negligence, intentional infliction of emotional distress, negligent supervision, failure

---

[1] Although the Court has concluded that the only viable § 1983 claims are against Earl, for the sake of efficiency the Court treats the defendants' motion as applying to all of the individual defendants.

to maintain premises, respondeat superior, failure to adequately train subordinates, and falsification of an incident report. *Defs.' Supp. Mem.* 2, Doc. 18-2.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party fails to meet this burden, the motion must be denied, regardless of the nonmovant's response. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). Conclusory allegations and unsubstantiated assertions will not satisfy a party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996).

Under the Prison Litigation Reform Act ("PLRA"), prisoners are required to exhaust administrative remedies before filing suit.[2] *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). However, "failure to exhaust is an affirmative defense under the PLRA." *Id.* at 516. As an affirmative defense, the defendants bear the burden of demonstrating that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See Catrett*, 477 U.S. at 325.

The PLRA does not state how specific a prisoner's administrative grievance must be in order to exhaust administrative remedies. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the

---

[2] The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (quoting 42 U.S.C. § 1997e(a)).

prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

In the instant case, the defendants have failed to adequately support their summary judgment position. *See* Fed. R. Civ. P. 56(c)(1). Although the defendants recite the procedural history of the case, they fail to describe the grievance procedures, the level of specificity required by those procedures, and how the plaintiff's administrative grievance fails to meet those standards. Instead, the defendants merely make the conclusory statement that the plaintiff did not exhaust administrative remedies on the claims against Voorhies and Nettles. *See Defs.' Supp. Mem.* 4, Doc. 18-2. Because the defendants have failed to meet their burden of demonstrating that they are entitled to judgment as a matter of law, their motion must be denied "regardless of the nonmovant's response." *Tubacex*, 45 F.3d at 954. Accordingly, the defendants' Motion for Partial Summary Judgment (Doc. 18) is **DENIED**.

## V.   CONCLUSION

For the reasons stated above, the defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 13) is **GRANTED**, the defendants' Motion to Dismiss for Failure to State a Claim (Doc. 15) is **GRANTED in part and DENIED in part**, and the Motion for Partial Summary Judgment (Doc. 18) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 28, 2016.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**