UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFRED DEAL

                                        CIVIL ACTION

VERSUS

                                        NO. 16-00061-JJB-RLB

DEPARTMENT OF CORRECTIONS,
WARDEN DAVID VOORHIES, MAJOR
BRENGETTSY, MASTER SERGEANT
BOBBY EARL, MASTER SERGEANT
BRIAN NETTLES, COLONEL ORVILLE
LAMARTINIERE, AND LIEUTENANT
MELVIN MCDOWELL

**RULING**

Before the Court is a *Second Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies* brought by Defendants, Bobby Earl, Orville Lamartiniere, Melvin McDowell, Brian Nettles, and David Voorhies.[1]  Plaintiff Alfred Deal has filed an *Opposition*.[2]  Oral argument is unnecessary.  The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.  For the following reasons, the Court grants in part and denies in part Defendants' *Motion*.

I.      **BRIEF FACTUAL AND PROCEDURAL OVERVIEW**

On December 12, 2012, Plaintiff Deal, an inmate at Louisiana State Penitentiary ("L.S.P.") in Angola, Louisiana, claims he was violently stabbed by another inmate, Myles Allen ("Allen"), and that the incident could have been prevented.  After filing a grievance through L.S.P.'s Corrections Administrative Remedy Procedure, Deal filed a federal

---

[1] Doc. 24.
[2] Doc. 26.

lawsuit on January 29, 2016, against the Louisiana Department of Corrections ("D.O.C.") and several D.O.C. employees.   In his lawsuit, Deal asserted Section 1983 claims of deliberate indifference, cruel and unusual punishment, violation of due process rights under the Fifth and Fourteenth Amendments, failure to adequately train subordinates, and falsification of an incident report.   Deal has also asserted state law claims against the Defendants for negligence, intentional infliction of emotional distress, negligent supervision, failure to maintain premises, and *respondeat superior*.

Since the filing of his lawsuit, the Court has dismissed several of Deal's claims on Eleventh Amendment Sovereign Immunity and qualified immunity grounds.[3]   At this juncture, the only remaining claims are the Plaintiff's Section 1983 claims asserted against Defendant Earl in his individual capacity, and Plaintiff's remaining state law claims asserted against each of the Defendants in their individual capacities.   The Defendants now seek dismissal of several of Deal's remaining claims for failure to exhaust his administrative remedies before filing suit in federal court.   Additionally, Defendants contend that because Deal failed to name Msgt. Nettles and Warden Voorhies in his administrative grievance, they lacked notice of Plaintiff's complaints concerning the alleged events giving rise to his lawsuit and therefore, they should be dismissed.   Deal opposes the *Motion* arguing that his claims are encompassed within the facts of his administrative grievance, thereby satisfying the notice requirements of the administrative process.

---

[3] Doc. 23. In its June 28, 2016 *Ruling*, the Court found that the D.O.C. is entitled to Eleventh Amendment Sovereign Immunity and the individual Defendants could not be sued for monetary damages in their official capacities under 42 U.S.C. § 1983.   Doc. 23, p. 3.   The Court further dismissed all of the Section 1983 claims asserted against Defendants Voorhies, Nettles, Lamartiniere, and McDowell.   Doc. 23, pp. 4-7.

## II.    STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]  "An issue is material if its resolution could affect the outcome of the action."[5] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[6]  "A party moving for summary judgment 'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[7]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[8]  However, the non-moving party's "burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[9]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[10]  The Court must resolve

---

[4] Fed. R. Civ. P. 56(a).
[5] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005)(quoting *Weeks Marine, Inc. v. Fireman's Fund Ins. Co*., 340 F.3d 233, 235 (5th Cir. 2003)).
[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).
[7] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D.La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)).
[8] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)(internal quotations omitted)).
[9] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal quotations and citations omitted)).
[10] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

all reasonable factual inferences in favor of the nonmoving party.[11]  However, "[t]he court has no duty to search the record for material fact issues.  Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[12]  "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without 'any significant probative evidence tending to support the complaint.'"[13]

### III.   ANALYSIS

Defendants move for dismissal of Deal's remaining claims on the grounds that he failed to exhaust the D.O.C.'s internal administrative grievance procedure before filing suit in federal court.  The Prison Litigation Reform Act ("P.L.R.A.") prohibits inmates from bringing 42 U.S.C. § 1983 actions until "such administrative remedies as are available are exhausted."[14]  The purpose of the exhaustion requirement is to give an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and to encourage the efficient resolution of claims.[15]

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure ("A.R.P.") process to exhaust administrative remedies before filing suit in federal court. The ARP process is codified in the Louisiana Administrative Code under Title 22, Part I, § 325.  An inmate initiates the A.R.P. process by completing a request for administrative

---

[11] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[12] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).
[13] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249)(citation omitted)).
[14] Suits by Prisoners Act, 42 U.S.C. § 1997e (2013).
[15] *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)(quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).

remedy or writing a letter to the warden.[16]   An A.R.P. screening officer screens the inmate's request and either accepts the request into the first-step or rejects it for one of ten enumerated reasons.[17]   Once a request is accepted, the warden must respond on a first-step response form within forty (40) days of receipt of the request.[18]   If the inmate is dissatisfied with the response, he may proceed to the second-step of the A.R.P. process by appealing to the Secretary of the D.O.C.[19]   The D.O.C. Secretary must issue a response within 45 days from the date the request is received using a second-step request form.[20]   "Exhaustion occurs: (a) when the relief requested has been granted; (b) when the second step response has been issued; or (c) when the grievance has been screened and rejected for one of the reasons specified in Subsection I, Grievance Screening."[21]

Deal submitted A.R.P. No. L.S.P.-2013-669 ("A.R.P. 669") to initiate the grievance process for the December 12, 2012 incident.[22]   A.R.P. 669 was accepted for review on September 12, 2014.[23]   The first-step response form was issued on October 28, 2014, denying Deal's request for relief.[24]   Dissatisfied with this response, Deal proceeded with the second-step.[25]   On January 26, 2015, the second-step response form was issued

---

[16] La. Admin. Code tit. 22, § 325 (G)(1)(a)(i)(2015).

[17] *Id.* at §325(I)(1)(a)(i)-(ii).

[18] *Id.* at §325(J)(1)(a)(ii).

[19] *Id.* at §325(J)(1)(b)(i).

[20] *Id.* at §325(J)(1)(b)(ii).

[21] *Id.* at §325(F)(3)(a)(viii).

[22] Deal's A.R.P. 669 was dated March 9, 2013 and received on March 14, 2013.  However, Deal had pending A.R.P.(s) in the system at the time he submitted A.R.P. 669.  Pursuant to the A.R.P.s backlog policy, La. Admin. Code tit. 22, §325(F)(3)(a)(ix), A.R.P. 669 was not processed until Deal's other A.R.P.s had "been exhausted at the second step or until time limits to proceed from the first step to the second step [had] lapsed."  Doc. 24-3, pp. 2-3.

[23] Doc. 24-3, pp. 2-3, 9.

[24] Doc. 24-3, pp. 9-10.

[25] Doc. 24-3, p. 18.

denying Deal's request for relief.[26]   Therefore, A.R.P. 669 was exhausted before Deal

filed this action on January 29, 2016.[27]

Nevertheless, only those issues contained in A.R.P. 669 are properly exhausted.

In *Johnson v. Johnson,* the Fifth Circuit discussed how much detail is required in a

grievance for purposes of effectively exhausting administrative remedies.[28]   In its

decision, the *Johnson* Court explained that one of the purposes of the exhaustion

requirement is to give officials "time and opportunity to address complaints internally."[29]

Therefore, a grievance "should be considered sufficient to the extent that the grievance

gives officials a fair opportunity to address the problem that will later form the basis of the

lawsuit."[30]  As a matter of practicality, the *Johnson* Court further advised that "the amount

of information necessary will likely depend to some degree on the type of problem about

which the inmate is complaining."[31]  For instance, "[i]f an inmate claims that a guard acted

improperly, we can assume that the administrators responding to the grievance would

want to know—and a prisoner could ordinarily be expected to provide—details regarding

who was involved and when the incident occurred, or at least other available information

about the incident that would permit an investigation of the matter."[32]   Overall, an

---

[26] Doc. 24-3, p. 20.

[27] It is also undisputed that Deal filed a Disciplinary Board Appeal No. LSP-2013-0021-W, dated January 4, 2013. Doc. 24-4, pp. 2 and 4.  In the Appeal Decision, Warden Cain stated that "[a]ppellant argues on appeal that he was denied a fair and impartial hearing, he was subject to double jeopardy as he was written up and heard for the same fight under a violation of Rule #11, the Board erred in accepting the reporting officer's credibility over his, insufficient evidence for a finding of guilt, and his due process rights were violated."  Doc. 24-4, p. 2.  Deal's disciplinary board appeal was denied on March 28, 2013.

[28] *Johnson v. Johnson,* 385 F.3d 503 (5th Cir. 2004).

[29] *Id.* at 516 (quoting *Porter v. Nussle,* 534 U.S. 516, 525 (2002)).

[30] *Id.* at 517.

[31] *Id.*

[32] *Id.*

uncounseled inmate "need not present legal theories in his grievances," nor "provide personal notice to a particular official that he may be sued."[33]

Defendants contend that the following claims were not exhausted by Deal:  (1) negligence; (2) intentional infliction of emotional distress; (3) negligent supervision; (4) failure to maintain premises; (5) *respondeat superior*; (6) failure to adequately train subordinates; and (7) falsification of incident report before filing suit.  After reviewing each of the seven issues and Deal's A.R.P. 669, the Court finds Deal properly exhausted all but three issues:  *respondeat superior*, falsification of the incident report, and intentional infliction of emotional distress.

Four of the seven issues—failure to train, failure to maintain premises, negligence, and negligent supervision—were exhausted by Deal's claim that, although he reported Allen's threats to both Major Brengettsy, a supervisor, and TU (B) Team Supervisor Lt. M. McDowell, and requested to be moved to another cell, his complaints and requests were ignored.[34]  Deal further claimed that Msgt. Earl, the assigned lower D tier officer on the date of the incident and under the supervision of Lt. McDowell, failed to comply with mandatory procedures of searching and shaking down offender Allen before allowing him to leave his cell, which endangered Deal's safety.[35]  According to Deal, Allen stabbed him approximately 13 times with a "finger nail file".[36]  The Court further finds that the Plaintiff did not, however, properly exhaust the issues of *respondeat superior*, falsification of the incident report, and intentional infliction of emotional distress.   Accordingly, the *Motion*

---

[33] *Id.* at 517, 522.
[34] Doc. 24-3, p. 6.
[35] Doc. 24-3, p. 7.
[36] Doc. 24-3, p. 5.

*for Summary Judgment* is GRANTED as to these three issues, but DENIED as to the other four issues.

The Court now turns its attention to the Defendants' argument that Deal failed to exhaust his claims as to Msgt. Brian Nettles and Warden David Voorhies.   Deal specifically identified the following D.O.C. employees in A.R.P. 669:

> "Sgt. Toney, TU (A) Team, Major S. Brengettsy, TU (A) Team, Warden Burl Cain, Lt. Col. Eli Wilson, Investigative Services, Lt. M. McDowell, TU (B) Team, Msgt. Earl, TU (B) Team, Sgt. T. LeBlanc, TU – (B) Team and Dr. J. Collins, Medical Director."[37]

Defendants argue that because Deal did not identify Msgt. Nettles or Warden Voorhies in his A.R.P., they lacked notice of Deal's administrative complaint.  In response to this argument, Deal correctly points out that as part of the D.O.C. investigation, Msgt. Nettles was identified in the "First Step Response Form" as being one of the guards who separated Deal and Allen during the altercation.[38]   Because Msgt. Nettles was included as part of the investigation into the December 12, 2012 incident, as reflected in the "First Step Response Form," the Court finds that the Defendants' lack of notice argument fails as to Nettles.

In contrast, however, the Court finds merit in the Defendants' argument that Deal failed to exhaust his administrative remedies as to Warden Voorhies.   After reviewing A.R.P. 669, it is clear that Warden Voorhies' name only appears in Deal's A.R.P. 669 record because he prepared and signed the "First Step Response Form".[39]   The Court finds that nothing in A.R.P. 669 would have provided Warden Voorhies with fair notice

---

[37] Doc. 24-3, p. 5.
[38] Doc. 24-3, p. 9. Nettles name was also included in the A.R.P. Statement provided Lieutenant Melvin McDowell.  Doc. 24-3, p. 12.
[39] Doc. 24-3, p. 9.

that Deal's complaints were against him.    Accordingly, the Court finds that the Defendants' *Motion for Summary Judgment* is GRANTED as to Deal's claims against Warden David Voorhies, and DENIED as to Msgt. Nettles.

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART the *Second Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies* brought by Defendants, Bobby Earl, Orville Lamartiniere, Melvin McDowell, Brian Nettles, and David Voorhies.[40]   Plaintiff's individual capacity claims against David Voorhies are DISMISSED, and Plaintiff's state law claims of *respondeat superior*, falsification of the incident report, and intentional infliction of emotional distress are DISMISSED.

Signed in Baton Rouge, Louisiana, on October 18, 2016.

_____

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[40] Doc. 24.