UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED DEAL** | **CIVIL ACTION** |
| **VERSUS** | |
| **DEPARTMENT OF CORRECTIONS, ET AL.** | **NO.: 16-00061-BAJ-RLB** |

## RULING AND ORDER

Before the Court is a **Motion for Summary Judgment (Doc. 42)** filed by Defendants Master Sergeant Bobby Earl, Master Sergeant Brian Nettles, Colonel Orville Lamartiniere, and Lieutenant Melvin McDowell. Plaintiff Alfred Deal did not file an opposition. For the reasons that follow, the **Motion (Doc. 42)** is **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

This dispute arises from a fight between inmates at the Louisiana State Penitentiary in Angola, Louisiana. (Doc. 1, ¶ 1). Plaintiff is an inmate at the Louisiana State Penitentiary. (Doc. 1, ¶ 8). Defendants are prison security officials. (Doc. 1, ¶¶ 9-16). Plaintiff sued Defendants under 42 U.S.C. § 1983 after Defendants failed to stop inmate Myles Allen from stabbing Plaintiff. (Doc. 1, ¶¶ 15). The undisputed facts follow.

On December 11, 2012, Plaintiff and inmate Myles Allen argued over control of a prison television. (Doc. 42-4, p. 37). Allen told Plaintiff to "[w]ait until tomorrow" because Allen was "going to kill" Plaintiff. (*Id.* at p. 39). The next morning, Master Sergeant Earl escorted Allen from his cell to the transitional unit yard.[1] (Doc. 42-3, p. 4). Master Sergeant Earl did not check Allen for weapons before he escorted Allen to the transitional

---

[1] Defendants do not describe the transitional unit yard or explain its function.

1

unit yard pen near Plaintiff. (*Id.*). When Allen reached the transitional unit yard, he broke free of his restraints and stabbed Plaintiff with a homemade knife. (Doc. 42-4, p. 32).

The officer assigned to the transitional unit yard, Sergeant Terry LeBlanc, saw the attack and called for help. (Doc. 42-3, p. 3). According to Plaintiff, Sergeant LeBlanc "was fighting, just trying to keep [Allen] away" until help arrived. (Doc. 42-4, p. 51). About 20 to 25 minutes after the attack began, Colonel Lamartiniere, Lieutenant McDowell, and Master Sergeant Nettles responded and broke up the attack. (Doc. 42-4, p. 59). The attack was the first fight between Plaintiff and Allen. (*Id.* at p. 31).

On January 29, 2016, Plaintiff invoked the Court's federal question jurisdiction and sued Defendants, in their individual and official capacities, for negligence and violations of § 1983. (Doc. 1, ¶¶ 28-36). The Court dismissed all but one of Plaintiff's federal claims—a § 1983 failure-to-protect claim against Master Sergeant Earl—at the motion to dismiss stage. (Doc. 23). Defendants now move for summary judgment, asking the Court to dismiss Plaintiff's lone federal claim and decline jurisdiction over Plaintiff's state-law claims. (Doc. 42).

## II. LEGAL STANDARD

Summary judgment is proper if Defendants show that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The Court cannot grant summary judgment simply because Defendants' motion is unopposed; Defendants must point to the absence of a material factual dispute. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). In deciding whether Defendants have done so, the Court views facts and draws reasonable inferences in Plaintiff's favor. *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018). Because Plaintiff failed to file a response, Defendants' properly-supported assertions of fact are undisputed. FED. R. CIV. P. 56(e)(2).

## III. DISCUSSION

### A. Federal Claim

Plaintiff's only remaining federal claim is a § 1983 failure-to-protect claim against Master Sergeant Earl. (Doc. 23). Plaintiff alleges that Master Sergeant Earl violated Plaintiff's rights under the Eighth and Fourteenth Amendments when Master Sergeant Earl failed to stop Allen from stabbing Plaintiff. (Doc. 1, ¶¶ 32-36). Because the legal standards governing Plaintiff's right to protection under the Eighth and Fourteenth Amendments are "virtually identical," the Court "construe[s] Plaintiff's Complaint as raising a claim under only the Eighth Amendment." *Austin v. Johnson*, 328 F.3d 204, 210 n.10 (5th Cir. 2003).

The Eighth Amendment prohibits "cruel and unusual punishment." U.S. CONST. amend. VIII. That prohibition extends to prison officials, who "have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). To recover on his Eighth Amendment failure-to-protect claim, Plaintiff must show that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) Master Sergeant Earl was "deliberately indifferent" to this risk. *Farmer*, 511 U.S. at 834.

The Court assumes that Plaintiff was "incarcerated under conditions posing a substantial risk of serious harm," and turns to the deliberate indifference requirement. *Id.* Deliberate indifference is "an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires proof that the prison official "is both 'aware of facts from which the inference could be drawn that a substantial risk of harm exists,' and that official actually draws that inference." *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995) (quoting *Farmer*, 511 U.S. at 837).

3

Plaintiff offers no facts showing that Master Sergeant Earl was "deliberately indifferent" to the "substantial risk of serious harm" Allen posed. By contrast, Defendants point to sworn testimony showing that Master Sergeant Earl neither knew nor had reason to know that Allen posed a "substantial risk of serious harm" to Plaintiff before the December 12, 2012 attack. (Doc. 42-1, p. 12). Allen was not listed on Deal's "enemy list" before the attack. (Doc. 42-6, pp. 1-11). And Master Sergeant Earl attests that he did not know that Allen had threatened Deal. (Doc. 42-5, ¶¶ 12-15). So it is undisputed that Master Sergeant Earl was not aware of any facts from which he could have inferred that Allen posed a substantial risk of harm to Plaintiff before December 12, 2012. (Doc. 42-1). The Court therefore GRANTS Defendants' Motion for Summary Judgment as to Plaintiff's § 1983 claim against Master Sergeant Earl.

## B. State-Law Claims

### 1. Supplemental Jurisdiction

The Court has dismissed all claims within its original jurisdiction, so it must decide if it should retain jurisdiction over Plaintiff's claims for negligence, negligent supervision, and premises liability. *Redburn v. City of Victoria*, 898 F.3d 486, 496-97 (5th Cir. 2018). The factors set out in the supplemental jurisdiction statute guide the Court's decision:

> **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> **(1)** the claim raises a novel or complex issue of State law,
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

District courts "should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). The exception is when the district court has "invest[ed] a significant amount of judicial resources in the litigation." *Id.* at 602. In *Batiste v. Island Records, Inc.*, 179 F.3d 217 (5th Cir. 1999), for example, the United States Court of Appeals for the Fifth Circuit ruled that a district court abused its discretion when it declined to retain jurisdiction over state-law claims after it dismissed all of plaintiff's federal claims. *Id.* at 227. The remaining claims did not raise "novel or complex" issues of state law, the case had been pending for nearly three years, and the court had considered motions to dismiss and motions for summary judgment. *Id.* at 227; *see also Brookshire Bros. Holding, Inc.*, 554 F.3d at 603 (district court abused its discretion when it declined to retain jurisdiction after investing significant judicial resources in the litigation); *Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 308 (5th Cir. 1991) (same).

Applying the § 1367(c) factors here, the Court concludes that it should retain jurisdiction over Plaintiff's state-law claims. The first factor weighs in favor of retaining jurisdiction. *See* 28 U.S.C. § 1367(c)(1). Plaintiff's remaining claims do not raise "novel or complex" questions of Louisiana law; they raise settled questions of negligence and premises liability. The second and third factors weigh against retaining jurisdiction: the Court has dismissed all claims within its original jurisdiction, so Plaintiff's state-law claims "predominate." *See* 28 U.S.C. § 1367(c)(2)-(3). The fourth factor, "exceptional circumstances," supports retaining jurisdiction because the Court has "invest[ed] a significant amount of judicial resources in the litigation." *Brookshire Bros. Holding, Inc.*, 554 F.3d at 602. This case has been pending for two-and-a-half years, discovery closed six months ago, the deadline for filing dispositive motions has passed, and the Court has already ruled on Motions to Dismiss (Docs. 15, 23, 40) and Motions for Partial Summary Judgment. (Docs. 23 29). The Court thus retains jurisdiction over Plaintiff's state-law

5

claims and turns to the merits of Defendants' Motion for Summary Judgment as to those claims.

2. **Sovereign Immunity**

Although Defendants do not raise the issue, the Court must address Eleventh Amendment immunity because it involves the Court's subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists.").

The Eleventh Amendment limits federal jurisdiction over suits by private parties against unconsenting states. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996). The Court decides whether a suit is against a state by asking "whether the sovereign is the real party in interest." *Lewis v. Clarke*, 137 S. Ct. 1285, 1290 (2017). The Fifth Circuit has explained that a state is the "real party in interest" when a state employee is sued for acts he commits in the course of his employment and a statute requires the state to indemnify him. *Reyes v. Sazan*, 168 F.3d 158, 162 (5th Cir. 1999).

Following the Fifth Circuit's lead, at least two federal district courts sitting in Louisiana have concluded that Louisiana Revised Statutes § 13:5108.1 renders the State of Louisiana the "real party in interest" in an individual-capacity suit against state employees for conduct within the scope of their state employment.[2] *Spikes v. McVea*, No. 17-cv-8164, 2018 WL 3329060, at *6 (E.D. La. July 6, 2018) (dismissing negligence claim against state employees in their individual capacities and holding that the State of Louisiana was the real party in interest because Louisiana Revised Statutes § 13:5108.1 would require the State of Louisiana to indemnify the employees from any liability);

---

[2] The statute obliges the State of Louisiana to "defend and indemnify a covered individual against any claim, demand, suit, complaint, or petition seeking damages filed in any court over alleged negligence or other act by the individual . . . when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office." LA. REV. STAT. § 13:5108.1(A)(1).

6

*Guillory v. La. Dep't of Health and Hosps.*, No. 16-cv-787-JWD-RLB, 2018 WL 1404277, at *19 (M.D. La. Mar. 20, 2018) (same). But the United States Supreme Court's opinion in *Lewis v. Clarke* casts doubt on those holdings. *See Lewis v. Clarke*, __ U.S. __, 137 S. Ct. 1285 (2017).

At issue in *Lewis* was whether tribal sovereign immunity barred an individual-capacity negligence suit against a tribal employee for damage arising from a car accident that occurred in the scope of his tribal employment. *Id.* The Court held that it did not. *Id.* In so holding, the Court rejected the tribal employee's argument that the tribe was the "real party in interest" because the tribe would have a statutory obligation to indemnify the tribal employee from any liability. *Id.* at 1292. Indemnity obligations, the Court explained, "cannot, as a matter of law, extend sovereign immunity to individual employees who would otherwise not fall under its protective cloak." *Id.* And the Court emphasized that the "critical inquiry" is "who may be legally bound by the court's adverse judgment, not who will ultimately pick up the tab." *Id.* at 1292-1293.

Applied here, *Lewis* instructs that Defendants cannot claim Eleventh Amendment immunity through Louisiana Revised Statutes § 13:5108.1 and its requirement that the State of Louisiana indemnify Defendants from any liability to Plaintiff. *Lewis*, 137 S. Ct. 1294 ("[I]ndemnification provisions do not alter the real-party-in-interest analysis for purposes of sovereign immunity[.]"). So the Eleventh Amendment poses no jurisdictional bar to Plaintiff's state-law individual-capacity claims, and the Court turns to the merits of them.

### 3. Negligence

Plaintiff alleges that Defendants' negligent failure to protect him from Allen caused his injuries. (Doc. 1, ¶ 9). Defendants counter that summary judgment is appropriate because Plaintiff cannot marshal any facts to support any negligence claim

against any Defendant. (Doc. 42-1, p. 16). The Court agrees as to Plaintiff's claims against Master Sergeant Nettles, Colonel Lamartiniere, and Lieutenant McDowell.

In Louisiana, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE art. 2315. The Court uses the duty-risk analysis to decide whether to impose liability for negligence under Article 2315. *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095, p. 7 (La. 3/10/06); 923 So. 2d 627, 632. To recover under the duty-risk approach, Plaintiff must prove five elements:

(1) Defendants had a duty to conform their conduct to a specific standard;
(2) Defendants' conduct failed to conform to the appropriate standard;
(3) Defendants' substandard conduct was a cause in fact of Plaintiffs' injuries
(4) Defendants' substandard conduct was a legal cause of the plaintiff's injuries;
(5) Actual damages.

*Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 249 (5th Cir. 2008).

Defendants offer an investigative report that shows that Master Sergeant Nettles, Colonel Lamartiniere, and Lieutenant McDowell played no role in the lead-up to the attack that forms the basis of Plaintiff's negligence claim.[3] (Doc. 42-3, pp. 2-5). In fact, Master Sergeant Nettles, Colonel Lamartiniere, and Lieutenant McDowell did not arrive on the scene until after the attack had ended. (*Id.* at p. 3). Master Sergeant Nettles, Colonel Lamartiniere, and Lieutenant McDowell, have met their initial burden of showing the absence of a material factual dispute as to Plaintiff's inability to recover against them for negligence, and Plaintiff has not gone beyond the pleadings and "designate[d] specific facts showing that there is a genuine issue for trial." *Celotex*, 477

---

[3] The Court can consider the investigative report because it sets out factual findings from a legally authorized Department of Public Safety investigation. *See* FED. R. EVID. 803(8).

U.S. at 324. The Court therefore GRANTS summary judgment to Master Sergeant Nettles, Colonel Lamartiniere, and Lieutenant McDowell on Plaintiff's negligence claim.

Plaintiff's negligence claim against Master Sergeant Earl finds greater support in the record. (Doc. 42-3). It is undisputed that Master Sergeant Earl failed to inspect Allen for weapons before Allen broke free in the transitional unit yard and stabbed Plaintiff. (Doc. 42-2, ¶ 4). Defendants neither explain Master Sergeant Earl's duty to Plaintiff under Article 2315 nor point to record evidence showing that Master Sergeant Earl's conduct conformed to the relevant standard of care. In fact, Defendants devote only six sentences of their summary judgment brief to Plaintiff's negligence claims; not one sentence applies the duty-risk analysis to Plaintiff's claims against Master Sergeant Earl. (Doc.42-1, p. 16). The Court therefore DENIES summary judgment on Plaintiff's negligence claim against Master Sergeant Earl.

### 4. Negligent Training and Supervision

Plaintiff alleges that Defendants failed to properly train and supervise prison officials, but he offers no facts to support the allegation as to any Defendant. (Doc. 1, ¶ 26). And Plaintiff's negligent training and supervision claims are barred by Louisiana Revised Statutes § 9:2798.1(B), which immunizes public employees for "policymaking or discretionary acts" taken within the course of their "lawful powers and duties." Defendants' decisions about the training and supervision of prison officials are "policymaking or discretionary acts" under Louisiana Revised Statues § 9:2798.1(B). *See Hoffpauir v. Columbia Cas. Co.*, No. 12-cv-403-JJB-SCR, 2013 WL 5934699, at *12 (M.D. La. Nov. 5, 2013). The Court therefore GRANTS summary judgment to all Defendants on Plaintiff's negligent training and supervision claims.

### 5. Premises Liability

Plaintiff alleges that Defendants failed to maintain the prison "in a condition of safety." (Doc. 1, ¶ 39). In Louisiana, the "owner or custodian of a thing is answerable for

9

damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the damage." LA. CIV. CODE art. 2317.1. Plaintiff offers no facts to controvert Defendants' properly-supported assertion that Defendants neither knew nor had reason to know that Allen posed a threat to Plaintiff. (Doc. 42-6, pp. 1-11). The Court therefore GRANTS summary judgment to all Defendants on Plaintiff's premises-liability claims.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 42)** is **GRANTED IN PART** and **DENIED IN PART.** The **Motion** is **GRANTED** as to the following claims: Plaintiff's federal claims against all Defendants; Plaintiff's negligence claims against Master Sergeant Nettles, Colonel Lamartiniere, and Lieutenant McDowell; Plaintiff's negligent training and supervision claims against all Defendants; and Plaintiff's premises-liability claims against all Defendants. The **Motion** is **DENIED** as to Plaintiff's negligence claim against Master Sergeant Earl.

Baton Rouge, Louisiana, this 11th day of October, 2018.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**