UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFRED DEAL (#96506)       CIVIL ACTION

VERSUS

DEPARTMENT OF       NO.: 16-61-BAJ-RLB
CORRECTIONS ET AL.

## RULING AND ORDER

Plaintiff Alfred Deal moves to re-open this case on the ground that his former attorney, Keith Couture, settled it without his consent. (Doc. 51). Couture rejoins that Deal consented to the settlement. (Doc. 53). Both men testified: Couture's testimony was credible; Deal's testimony was not. For the reasons that follow, Deal's **Motion to Re-Open (Doc. 51)** is **DENIED**.

Deal is an inmate at the Louisiana State Penitentiary. (Doc. 1). He sued prison guards for negligence and violations of 42 U.S.C. § 1983, alleging the guards failed to protect him from another inmate's attack. (*Id.*).

One claim survived summary judgment: a negligence claim against Master Sergeant Bobby Earl. (Doc. 44). That claim appeared to settle on December 20, 2018. (Doc. 48). That day, Deal (through Couture) informed the Court the case had settled and moved for dismissal. (*Id.*). The next day, the Court granted the motion and entered this order:

1

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice to the parties' rights to, within **SIXTY DAYS**, and upon good cause shown, re-open this action if the settlement is not consummated.[1]

(Doc. 49). Sixty-one[2] days later, Deal (now *pro se*) filed an "opposition" to the dismissal. (Doc. 51). In the "opposition," Deal contends Couture settled the case without his consent, and Deal asks the Court to re-open the case for all purposes. (*Id.*). Couture counters that Deal gave him "express permission to settle his claim for a set amount and a dental exam." (Doc. 53).

Considering the conflicting accounts, the Court re-opened the case for one purpose: to decide if Deal consented to the settlement. (Doc. 55). To inform that decision, the Court held evidentiary hearings and received testimony. (Docs. 62, 67).

During the first hearing, Couture stated that, over the course of two telephone calls on December 20, 2018, Deal consented to settle the case for $10,000 and an independent dental examination. (5/29/19 Hrg. Tr. at 13). Deal told a different story. (*Id.* at p. 6). He denied having telephone conversations with Couture on December 20, 2018. (*Id.* at 19). In fact, he said he "had no knowledge" Couture was negotiating a settlement on his behalf. (*Id.* at 6). He also said that he intended to replace Couture with another lawyer. (*Id.* at 6–7). According to Deal, attorney Joseph Long agreed to

---

[1] The Court did not retain jurisdiction to enforce the settlement under *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Under *Kokkonen*, "a district court may expressly retain jurisdiction over a settlement agreement in order to enforce the parties' compliance with that agreement and thereafter may assert jurisdiction over breach of settlement claims." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 261 n.3 (5th Cir. 2014).

[2] Deal's motion is technically untimely; it was filed one day after the close of the sixty-day period for re-opening the case. Because it makes serious allegations of professional misconduct, however, the Court excuses its untimely filing and considers its merits.

take the case but changed his mind upon learning that it had been dismissed.[3] (*Id.* at 10). Deal insisted, however, that attorney Mary Howell had actually agreed to take his case. (*Id.* at 21). Based on these representations, the Court granted Deal twenty-three days to have Howell move to enroll on his behalf. (*Id.* at 31).

At the close of the first hearing, the Court observed that the validity[4] of the settlement raised a credibility question. (*Id.* at 26). But the Court declined to receive testimony because Couture remained enrolled as Deal's attorney. (*Id.*). The Court directed Couture to move to withdraw and set a second hearing for the presentation of testimony. (*Id.*). Couture timely moved to withdraw, and the Court granted the motion before the second hearing began. (Docs. 59, 60).

During the second hearing, Couture offered testimony matching his prior representations. (8/6/19 Hrg. Tr. at 23–31). He testified that he spoke to Deal twice over the telephone on December 20, 2018. (*Id.* at 23). He testified that he asked Deal if he had permission to settle for $10,000 and an independent dental examination. (*Id.* at 27). Couture testified that Deal responded "yes." (*Id.*).

Deal's testimony conflicted with his prior representations. (*Id.* at 7). For example, Deal testified that he discussed a settlement with Couture on December 20,

---

[3] In an effort to verify Deal's account, a member of the Court's staff called Long and inquired about his contact with Deal. Long represented, as an officer of the Court, that he spoke with Deal but never agreed to take Deal's case.

[4] No party addressed whether federal or state law governs the validity of the settlement. The question is not as simple as it may appear. The Court's original jurisdiction was based on the presence of a federal question; however, the only claim remaining at the time of settlement was a Louisiana-law negligence claim within the Court's supplemental jurisdiction. Because the "substantive rights and liabilities" relative to the settled claim "derive from" Louisiana tort law, Louisiana law governs the validity of the settlement. *See Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984) (citing *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207 (5th Cir. 1981)).

2018. (*Id.*). He represented, during the prior hearing, that he had "no knowledge" of settlement negotiations. (5/29/19 Hrg. Tr. at 6). He also testified that the settlement discussions occurred over the telephone. (8/6/19 Hrg. Tr. at 8). During the prior hearing, however, he represented that it would be "absolutely impossible" for him to receive multiple telephone calls. (5/29/19 Hrg. Tr. at 18). Finally, he made no mention of Mary Howell, the attorney who, according to his prior representations, had agreed to take his case. (8/6/19 Hrg. Tr. at 1–42).

Considering these discrepancies, the Court finds that Deal has not testified credibly. Because no credible evidence supports Deal's assertion that he did not consent to the settlement, he has not shown good cause to re-open this case.

Accordingly,

**IT IS ORDERED** that the **Motion to Re-Open (Doc. 51) is DENIED.**

Baton Rouge, Louisiana, this 16th day of August, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

4